UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARY M. ZENO

VERSUS

LIVINGSTON MANAGEMENT, INC.

CIVIL ACTION

NO. 11-351-BAJ-SCR

**RULING AND ORDER**

This matter is before the Court on a Motion for Summary Judgment (Doc. 18). No further briefing is required.

The Court has carefully reviewed this matter and finds that the motion must be denied for the reasons advanced in Plaintiff, Mary Zeno's ("Plaintiff") supporting memorandum. The Court concludes that there are genuine issues of material fact as to whether Defendant, Livingston Management ("Defendant") terminated Plaintiff based on her race in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et. seq. (West 2012). Thus, under Federal Rule of Civil Procedure 56(a), Defendant is not entitled to judgment as a matter of law. The Court reaches this conclusion for several reasons.

First, Plaintiff has asserted sufficient facts to satisfy a *prima facie* case of discrimination on the basis of race. In a case alleging disparate treatment on the basis of race, absent direct evidence of discrimination, the Supreme Court has enunciated the appropriate analytical framework under which the parties are required to proceed. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct.

1

1817 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089 (1981).

The Plaintiff must first prove, by a preponderance of the evidence, a *prima facie* case of discrimination. *McDonnell Douglas*, at 802. Where discriminatory discharge is alleged, plaintiff must initially show that he/she was: (1) a member of a protected class, (2) qualified for the job, (3) discharged, and (4) replaced by someone outside of the protected class or some other circumstance giving rise to an inference of intentional discrimination. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000); *Texas Dept. of Community Affairs*, 450 U.S. at 253, 101 S. Ct. at 1093 (1981).

Here, Plaintiff has alleged sufficient facts to show a *prima facie* case. In this matter, neither party disputes that Plaintiff was a part of a protected class (African American), she was qualified for her position, nor that she was discharged. Rather, Defendant contends that the fourth element of the *McDonnell Douglas* framework is not satisfied.

However, Defendant has failed to establish that Plaintiff was not replaced by someone outside of her protected class. Plaintiff asserts, and the Court agrees, that the facts indicate that the person hired to replace Plaintiff was a Caucasian female. Plaintiff was the manager at the Galvez Manor Apartments and the Gonzales Plaza Apartments, both in Gonzales, Louisiana. Upon termination, Plaintiff avers that Defendant has admitted, in its response to

2

Plaintiff's First Set of Interrogatories, that a Caucasian woman was hired to take her place as manager after she was terminated (Doc. 19, at 14).

Defendant does not point to any facts in the record to indicate that Plaintiff was *not* replaced by someone outside of her protected class. Thus, Plaintiff has satisfied each necessary element under the *McDonnell Douglas* framework and has established a *prima facie* case. See Byers v. Dallas Morning News, Inc., 209 F.3d 419, 425–26 (5th Cir. 2000).

Second, Plaintiff has asserted genuine issues of material facts as to whether Defendant's non-discriminatory reasons for terminating Plaintiff are mere pretext. In support of the argument that Plaintiff was fired for performance related reasons, Defendant avers that: (1) Plaintiff was frequently late turning her reports in (Doc. 18-2, at 8); (2) the home office had problems getting in touch with her when she was supposed to be at work (*Id.*); (3) Plaintiff was rude to other employees and to tenants; (4) Plaintiff took paperwork from one complex to another complex even though she was specifically instructed not to do so (*Id.*); and (5) Plaintiff was ***allegedly*** having an affair with Zanniah Anderson's[1] husband (*Id.*).

As a preliminary matter, the Court finds that nearly all of Defendant's arguments that Plaintiff was fired for performance related issues are not clearly

---

[1] Zanniah Anderson is another Livingston management employee.

Case 3:11-cv-00351-BAJ-SCR   Document 25   08/26/13   Page 3 of 8

supported by any employment records.[2] Plaintiff, on the other hand, supplies numerous exhibits demonstrating that when employees engage in misconduct or their performance is otherwise deficient, Livingston management often uses write ups and notices to establish a record (Doc. 19, at 16; Pl's Ex. G, H, I, J, K, L). According to the record, from the time that Plaintiff was hired until she was terminated, it is not clear whether there were *any* written notices for misconduct or deficient performance.

Further, Plaintiff avers that each of Defendant's assertions that Plaintiff was not performing adequately in her position were only asserted after she filed her Equal Employment Opportunity Commission (EEOC) claim (*Id.* at 18).

Finally, the Court gives little weight to the assertion that Plaintiff was discharged because she was *allegedly* having an affair with Zanniah Anderson's husband (another Livingston management employee). In addition to the fact that it is not clear whether this issue was noted by Defendant in any employment

---

[2] The Court notes that Defendant uses depositions and affidavits to support the assertions that Plaintiff was counseled regarding late paperwork, that she was counseled for being inaccessible during work hours, that she was having difficulty managing two apartment complexes, and that Plaintiff was having an affair (Deposition of Connie Widner, p. 71, 93-94, 178, 192-193; Affidavit of Ryan Whittington). These assertions are not supported by any employment records or "write-ups" such as those submitted by Plaintiff which demonstrate that employees terminated for the proposed reasons will often have such write-ups. Courts often look to employees' performance records and/or incidents of insubordination when establishing whether a *prima facie* case exists. compare, *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir. 1980)(plaintiff failed to establish a prima facie case of discrimination because plaintiff failed to demonstrate by a preponderance of the evidence that white employees who similarly violated **work rules** were punished dissimilarly). Moreover, Defendant concedes that although Livingston Management preferred for Plaintiff to submit her paperwork in a more timely fashion, this **never** resulted in any form being submitted past the deadline set by a governmental agency, or any other adverse consequences (Doc. 18-2, at 7).

4

record *before* Plaintiff was terminated, this has no bearing whatsoever as to whether Plaintiff was performing adequately in her employment position.

Third, Plaintiff presents credible direct evidence that discriminatory animus at least in part motivated the adverse employment decision. The Fifth Circuit requires that "if an employee presents credible direct evidence that discriminatory animus at least in part motivated, or was a substantial factor in the adverse employment action, then it becomes the employer's burden to prove by a preponderance of the evidence that the same decision would have been made regardless of the discriminatory animus." *Brown v. East Mississippi Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L.Ed.2d 268 (1989)).

In support of her argument of direct evidence of discrimination, Plaintiff asserts that her direct supervisor called her and offered her the Property Manager position at the Hammond complex on January 1, 2009 (Doc. 19, at 11). Further, she avers that her manager commented that Plaintiff should relocate to the Hammond property because "she is black and the residents are black (*Id.*)." In *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, the Fifth Circuit set forth criteria for direct evidence of discrimination which provides that:

> "In order for comments in the workplace to provide sufficient evidence of discrimination, they must be: 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of

adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." 218 F.3d 392, 400–01 (5th Cir.2000) (quoting Brown v. CSC Logic, Inc., 82 F.3d 651, 655 (5th Cir.1996)).

The comments cited by Plaintiff meet the criteria for several reasons.

First, the comments were related to African Americans, the protected class of persons of whom Plaintiff is a member. Second, the comments were proximate in time to the complained-of adverse employment decision. Plaintiff received the call on January 1, 2009 and was officially terminated from employment on January 28, 2009 (Doc. 1 ¶ 26). Finally, Plaintiff avers that Connie Widner, her direct supervisor, made the call to Plaintiff to transfer positions. Additionally, Widner purportedly stated that if Plaintiff refused the transfer "she would be fired (*Id.* ¶ 24)." Thus, the comments concerned the employment decision at issue and were made by an individual with authority over the employment decision.

Additionally, there are genuine issues of material fact as to whether the same decision would have been made regardless of the discriminatory animus. Plaintiff avers that the transfer at the Hammond complex was an ultimatum; to wit: either she takes the position, or she would be fired. Plaintiff further argues that the sole basis for the transfer was to match Plaintiff with black residents. As previously noted, Plaintiff has asserted sufficient facts to show that Defendant's

6

proffered reasons for the transfer and subsequent termination are wholly unsupported by any employment records. Yet, the evidence supplied by Plaintiff demonstrates a longstanding policy of confirmation through write-ups and notices if performance or misconduct forms the basis of an adverse employment action (Pl's Exs. G, H, I, J, K, L).

Defendant is not required to disprove Plaintiff's claim through additional submissions under *Celotex Corp. v. Catrett*.[3] However, Plaintiff's evidence in the record presents genuine issues of material fact as to whether Defendant's non-discriminatory reasons for the termination are mere pretext.

In summary, the Court's careful review of all of the summary judgment evidence presented precludes the issuance of a judgment as a matter of law. The evidence, when viewed in the light most favorable to the non-movant, raises genuine fact issues with respect to Plaintiff's discrimination claims.

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (U.S. 1986) (holding that Rule 56 does not require the moving party to support its motion with affidavits or other similar materials negating the opponent's claim, but the movant must demonstrate that the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issue as to any material fact).

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Doc. 18) is hereby **DENIED**.

Baton Rouge, Louisiana, August 23, 2013.

_____
BRIAN A. JACKSON CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA